EXHIBIT 2

**FINANCIAL INDUSTRY REGULATORY AUTHORITY**
**OFFICE OF HEARING OFFICERS**

|  |  |
|---|---|
| DEPARTMENT OF ENFORCEMENT,<br><br>       Complainant,<br><br>   v.<br><br>ALPINE SECURITIES CORP.<br>(CRD No. 14952),<br><br>       Respondent. | Disciplinary Proceeding<br>No. 2019061232601<br><br>Hearing Officer– CC |

**STATUS CONFERENCE ORDER**

The parties participated by videoconference in a status conference on November 2, 2020. This order restates the items discussed at the status conference on November 2.

**I. Resumption of Hearing**

The initial hearing days in this matter occurred in Salt Lake City, Utah from February 18 through February 23, 2020, and by videoconference on August 13, 14, and 26, and September 11, 2020.

By Order dated July 31, 2020, the hearing was scheduled to resume in person on November 30, 2020, in the Washington, D.C. metropolitan area.

On November 2, 2020, the Chief Hearing Officer issued an Order converting the traditional, in-person hearing to videoconference because of the health concerns posed by the COVID-19 pandemic.

Accordingly, the videoconference hearing will begin at **11:00 a.m. (Eastern Time) on November 30, 2020 and continue through December 4, 2020**. If necessary, the videoconference hearing will resume on **December 7, 2020 and continue through December 10, 2020**.

Pursuant to FINRA Rule 9262, witnesses who are subject to FINRA's jurisdiction shall testify under oath. As such, witnesses who are subject to FINRA's jurisdiction must execute notarized affidavits indicating that they will testify truthfully. Witnesses who are not subject to FINRA's jurisdiction must execute notarized affidavits or sworn declarations indicating that they will testify truthfully. The party offering each witness's testimony at the videoconference hearing must file the notarized affidavit or sworn declaration with the Office of Hearing Officers on or

before **November 23, 2020.** At the conclusion of the videoconference hearing, the witnesses' declarations and affidavits will be marked as exhibits and entered into evidence.

II. **Practice Videoconference Hearings**

The Office of Hearing Officers will conduct two practice sessions before the videoconference hearing begins on November 30.

The parties are directed to confer and propose a date and time for a 30-minute videoconference practice session that will include, to the fullest extent possible, **all witnesses who will testify at the hearing**. Parties and counsel must participate in the practice session, and each participant (witnesses, party representatives, and counsel included) should use the computer that he or she intends to use for the hearing and participate from the location where he or she will participate in the hearing. **On or before November 6, 2020**, Enforcement must advise April Blackwood, the Case Administrator assigned to this matter, of the agreed-upon date for the witness practice session.

Additionally, all parties (including a representative of Alpine Securities) and counsel are directed to participate in a practice videoconference hearing with the Hearing Panelists on **November 23, 2020, at 2:00 p.m. (Eastern Time)**. Parties and counsel must participate in the practice session, and each participant (witnesses, party representatives, and counsel included) should use the computer that he or she intends to use for the hearing and participate from the location where he or she will participate in the hearing.

**No later than three business days before each practice session, the parties must provide Ms. Blackwood with the email addresses of each witness who will participate in the practice session.** Ms. Blackwood will invite attendees to both practice sessions by email. **The parties must be prepared to share a document unrelated to this case during both practice sessions.**

III. **Pre-Hearing Schedule**

On or before **November 16, 2020**, the Department of Enforcement will file its order of witnesses for the remainder of the hearing. At the conclusion of Enforcement's case, Respondent will advise Enforcement and the Hearing Panel of its order of witnesses.

On or before **November 19, 2020**, the parties must advise the Office of Hearing Officers and opposing counsel of the exhibits that it anticipates using during its examination of the remaining witnesses by sending an email to Case Administrator April Blackwood at april.blackwood@finra.org.

In order to facilitate email invitations for the videoconference hearing, **on or before Thursday, November 19, 2020**, the parties must provide Ms. Blackwood (by email to april.blackwood@finra.org), with a **separate list for each hearing day** of each attendee's name

2

and email address. **This list must include parties, party representatives, counsel, and testifying witnesses.**

IV.     **Protocol for Videoconference Hearing**

As with previously held videoconference hearing dates, Ms. Blackwood will invite attendees to the videoconference hearing by email. To protect the security of the videoconference hearing, access to the hearing will be limited to authorized attendees only. Hearing attendees should not forward or share the hearing link. Furthermore, to provide additional security, the videoconference hearing will be "locked" once all participants have joined. Once the hearing is locked, even individuals who possess the link will not be able to join.

It is recommended that all participants access the videoconference each hearing day fifteen minutes prior to commencement of the hearing. Upon joining the videoconference, participants will be admitted into a virtual waiting room. Ms. Blackwood will admit all participants from the waiting room to the hearing at the same time. During breaks, attendees should not disconnect from the videoconference to avoid delay and difficulty reconnecting. However, lines may be muted during breaks, and Ms. Blackwood may move participants to "break-out" rooms or the virtual waiting room.

Each party is responsible for preparing its witnesses for participating in the hearing and the witness practice session. All hearing attendees, witnesses included, should participate from a private location with a good internet connection and adequate lighting. Although testifying witnesses may not communicate with anyone by text or email during their testimony, the parties may communicate with their attorneys and attorneys may communicate with each other during the hearing by text or email.

All hearing participants are responsible for notifying Ms. Blackwood if they cannot hear a witness or see a shared document. **During the hearing, Ms. Blackwood may be reached at 202-728-8202 or april.blackwood@finra.org.**

**SO ORDERED**.

*Carla Carloni*
Carla Carloni
Deputy Chief Hearing Officer

Dated: November 3, 2020

3

Copies to:
    Maranda Fritz, Esq. (via email)
    Brian Lanciault, Esq. (via email)
    Michael Cruz, Esq. (via email)
    Savvas A. Foukas, Esq. (via email)
    Douglas Ramsey, Esq. (via email)
    Christopher J. Kelly, Esq. (via email)
    Amanda Fein, Esq. (via email)
    Pearline M. Hong, Esq. (via email)
    Kevin Hartzell, Esq. (via email)
    Lisa M. Colone, Esq. (via email)
    Daniel Hibshoosh, Esq. (via email)
    Christina L. Stanland, Esq. (via email)
    Gina M. Petrocelli, Esq. (via email)
    Jennifer L. Crawford, Esq. (via email)